UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA,                                         :
                                                                  : MEMORANDUM AND ORDER
                                                                  : 13-cr-557 (WFK)
            -against-                                             :
                                                                  :
JAMES PASS,                                                       :
                                                                  :
                        Defendant.                                :
                                                                  :
------------------------------------------------------------------X

**WILLIAM F. KUNTZ II, United States District Judge:**

Defendant James Pass is charged with being a felon in possession of a firearm. On September 12, 2013, Defendant was allegedly engaged in suspicious behavior at a Brooklyn Macy's store. When store security guards apprehended him and opened his backpack, they allegedly discovered a loaded .40 caliber semi-automatic handgun and stolen clothing. Following his arrest and indictment, Defendant moved to suppress the gun, its magazine, and its cartridges, as well as the clothing and his post-arrest statements. However, because the government has represented to the Court that it will not introduce any statements by the Defendant to the NYPD or to the Macy's employees, only the gun, magazine, cartridges, and clothing are now at issue. Both the government and Defendant agree that there are no disputed issues of fact relevant to the suppression of this physical evidence. Applying bedrock principles of Fourth Amendment jurisprudence, the Court denies Defendant's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Procedural History

On February 29, 2008, Defendant James Pass pled guilty to being a felon in possession of a firearm in the Eastern District of New York. *See* Dkt. 35, *United States v. Pass,* 07-cr-62 (E.D.N.Y. 2007) (Gleeson, J.). Defendant was sentenced to 52 months' imprisonment and 3 years of supervised release. *Id.* at 35.

On September 17, 2013, the criminal complaint in the immediate action was filed against Defendant accusing him of being a felon in possession of a firearm. *See* Dkt. 1 ("Compl."). The

1

Complaint alleged that Defendant entered a Macy's in Brooklyn while carrying an empty backpack, and that he subsequently entered a dressing room with the backpack and seven items of clothing. *Id.* at 2. When Defendant exited the dressing room with only two items of clothing and what appeared to be a full backpack, he was intercepted and asked to go to Macy's Loss Prevention office. *Id.* The Store Detective found clothing in the backpack, as well as a firearm, and then notified the NYPD. *Id.* at 3. NYPD subsequently recovered a loaded 40 caliber high-point semi-automatic pistol, model number JCP, from the backpack. *Id.* An Alcohol, Tobacco, Firearms and Explosives interstate nexus expert found that the firearm was manufactured outside the state of New York. *Id.*

On October 1, 2013, Defendant was indicted and charged with being a felon in possession of a firearm, in violation of 18 U.S.C. Sections 922(g)(1), 924(a)(2), and 3551 *et seq.* Dkt. 6. The government gave notice that upon conviction, the government would seek forfeiture pursuant to 18 U.S.C. Section 924(d) and 28 U.S.C. 2461(c). *Id.* at 1-2.

Defendant pled not guilty at his arraignment on October 11, 2013. Dkt. 9. On June 2, 2014, following a period during which Defendant elected to represent himself,[1] current defense counsel appeared in this action. Dkt. 27. Defendant, through successor counsel, filed the immediate Motion to Suppress on June 27, 2014, (Dkt. 29, "Mot."); the government filed its Opposition on July 28, 2014, (Dkt. 32, "Opp."); and Defendant filed his Reply on August 15,

---

[1] At a status conference on November 6, 2013, Defendant represented that he wished to proceed *pro se*. Dkt. Entry of 11/06/2013. At that time, the Court informed the Defendant that he had the right to represent himself, but that he should take the necessary time to contemplate and speak to his counsel before making the decision to do so. *Id.* On November 19, 2013, the Defendant filed a letter stating that he wished to proceed *pro se*. Dkt. 13. On December 27, 2013, Defendant filed a motion to proceed *pro se* and to appoint current lead counsel as stand-by counsel. Dkt. 16. Defendant's motion for self-representation— after numerous delays for Defendant to contemplate his decision—was granted on April 30, 2014. *See* Dkt. Entry of 4/30/2014. Defendant agreed to accept Ms. Colleen Brady, Esq., as stand-by counsel on April 30, 2014. Dkt. Entry of 04/30/2014.

2014 (Dkt. 35, "Reply"). On August 20, 2014, the government filed a letter informing the Court that "it [did] not intend to introduce any statements of the defendant to any NYPD officer or detective or any Macy's employee in its case-in-chief at trial" so "the only remaining issue to be addressed at a suppression hearing is the admissibility of the gun discovered by Macy's employees." Dkt. 36 ("Sur-Reply").

### B. Additional Facts Adduced by Defendant

Defendant introduces certain factual allegations that purportedly contravene the Complaint in this action. *See* Dkt. 29-1 ("Def.'s Memo"), at 3-4. Defendant alleges that on the day of the arrest, he was waiting for a friend about five to six feet from the exit doors of Macy's. *Id.* at 3. Several Macy's security personnel then approached him from behind and "forcibly e[s]corted him to the second floor." *Id.* Defendant claims that he was inspecting merchandise from several departments for "over a period of an hour," and that from video surveillance, "it is difficult to discern that the backpack [was] full." *Id.* at 3-4.

### C. The Suppression Hearing

At the September 10, 2014 hearing on Defendant's Motion to Suppress, the government reiterated that there were no relevant disputed factual issues regarding the suppression of physical evidence—*e.g.,* there was no issue of fact that the Macy's employees were neither agents nor employees of either the state or federal government. Accordingly, the government argued, the motion to suppress turned solely on a question of law. Defense counsel concurred with the government that there were no factual disputes to be determined. Defendant declined to testify.

The government further argued that the Fourth Amendment does not apply to private actors, such as the Macy's employees who initially stopped the Defendant and discovered the

3

gun in the first instance. When questioned, the government stated that it was aware of one 42 U.S.C. § 1983 case in which a private security officer was determined to be an agent of the government. *See Rojas v. Alexander's Dep't Store, Inc.*, 654 F. Supp. 856, 858 (E.D.N.Y. 1986) (Nickerson, J.). However, the government argued, that case was factually distinguishable. Defense counsel did not argue that *Rojas* was applicable to the immediate action and, when asked, did not present any caselaw that would render the Fourth Amendment applicable to the Macys' employees.

## DISCUSSION

### I. Legal Standard

The Fourth Amendment of the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "An officer has probable cause to arrest when he or she has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Dickerson v. Napolitano*, 604 F.3d 732, 751 (2d Cir. 2010). To determine whether an officer had probable cause to arrest an individual, a court determines whether the events leading up to the arrest, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause. *Maryland v. Pringle*, 540 U.S. 366, 371 (2003) (citing *Ornelas v. United States*, 517 U.S. 690, 696 (1996)). If a person is lawfully arrested, officers have the right to search his person without a search warrant and any recovered evidence is admissible against him at his trial. *U.S. ex rel. Walls, v. Mancusi*, 406 F.2d 505, 507 (2d Cir. 1969).

Supreme Court precedent has "consistently construed this protection as proscribing only governmental action; it is wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (internal citations and quotations omitted). "Whether a private party should be deemed an agent or instrument of the Government for Fourth Amendment purposes necessarily turns on the degree of the Government's participation in the private party's activities, a question that can only be resolved in light of the circumstances." *Skinner v. Ry. Labor Execs.' Assoc.*, 489 U.S. 602, 614 (1989) (internal citations and quotations omitted). Nonetheless, "a private person cannot act unilaterally as an agent or instrument of the state; there must be some degree of governmental knowledge and acquiescence." *United States v. Bennett*, 709 F.2d 803, 805 (2d Cir. 1983) (quoting *United States v. Sherwin*, 539 F.2d 1, 6 (9th Cir. 1976) (*en banc*), *cert. denied*, 437 U.S. 909 (1978)). If the private actor is not an agent or instrument of the state, a defendant may claim violation of his Fourth Amendment rights only "if the [government] authorities use information with respect to which the expectation of privacy has not already been frustrated . . . [i]n such a case the authorities have not relied on what is in effect a private search, and therefore presumptively violate the Fourth Amendment if they act without a warrant." *Jacobsen*, 466 U.S. at 117-18.

## II.    Application

The government argues that because the physical evidence[2] sought to be suppressed was initially discovered by private Macy's employees, there can be no Fourth Amendment violation.

---

[2] Initially, Defendant sought to suppress the guns, magazines, cartridges, and clothing. *See* Def.'s Memo at 3. In its most recent letter, the government stated that because it was not seeking to introduce any post-arrest statements, only the gun was at issue. *See* Sur-Reply at 1. The

5

Defendant has not disputed the legal premise underlying the government's argument. Further, Defendant has failed to introduce any facts indicating that the Macy's employees were acting as an instrument or agent of the Government.

Accordingly, the Court finds as a factual matter that the Macy's employees were not acting as government agents or instruments. Further, as the authorities cited in the previous section demonstrate, the Fourth Amendment does not apply to such private actors. Defendant has failed to make any legal argument suggesting that it does. *See* Sec. I *supra*.

The *Rojas* case is factually distinguishable. There, the arresting store detective was a "special patrolman" appointed by the New York City Police Commissioner, and the court found that employment of that patrolman "involve[d] a utilization for [defendant's] benefit of state law enforcement authority sufficient to satisfy section 1983's 'under color' of state law requirement." 654 F. Supp. at 858 (internal quotations omitted). Those circumstances are wholly inapplicable here, because there is no evidence that the Macy's employees were employed by any governmental law enforcement agency. Indeed, Defendant has made no attempt to argue that *Rojas* is factually analogous to his case.

For these reasons, Defendant's Motion to Suppress must be denied. *See United States v. RW Prof'l Leasing Servs. Corp.*, 384 F. Supp. 2d 566, 571 (E.D.N.Y. 2005) (Spatt, J.) (denying motion to suppress because there was "absolutely no evidence that the government directed, encouraged, or tacitly approved of [the private actor's] actions."). Accordingly, the physical evidence discovered in Defendant's backpack on September 12, 2013 may be introduced at trial.

---

government proceeded to argue that the gun should not be suppressed, without addressing the magazines, cartridges, and clothing. *Id.* To the extent that those additional items of physical evidence would be introduced at trial, the legal findings as to the gun apply to them with equal force.

6

## CONCLUSION

Because it is undisputed that the private employees who first apprehended Defendant were not agents of the government, Defendant cannot sustain his Fourth Amendment claim. Thus, Defendant's Motion is DENIED.

**SO ORDERED**

Dated: September 11, 2014
      Brooklyn, New York

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge